IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PRIEST MOMOLU V.S. SIRLEAF, JR., )
)
Plaintiff, )
)
v. ) Civil Action No. 3:17CV539–HEH
)
UNITED STATES OF AMERICA, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Denying Motion to Reconsider)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. Plaintiff's allegations failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. Accordingly, by Memorandum Order entered on May 9, 2018, the Court directed Plaintiff to submit a Second Particularized Complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the Second Particularized Complaint would result in the dismissal of the action. More than fourteen (14) days elapsed after the entry of the May 9, 2018 Memorandum Order and Plaintiff failed to submit a Second Particularized Complaint or otherwise respond to the May 9, 2018 Memorandum Order. Accordingly, by Memorandum Opinion and Order entered on June 14, 2018 the Court dismissed the action.

On June 28, 2018, the Court received a Motion for Reconsideration from Plaintiff wherein he insists that he timely responded to the May 9, 2018 Memorandum Order.

Specifically, Plaintiff asserted that in the response to the May 9, 2018 Memorandum Order he filed a motion for an extension of time and a request for the appointment of counsel. Accordingly, by Memorandum Order entered on July 24, 2018, the Court informed Plaintiff if he wished the Court to reconsider the dismissal of the action, he must submit a proper Second Particularized Complaint within twenty (20) days of the date of entry thereof.

On August 13, 2018, Plaintiff submitted his Second Particularized Complaint. Plaintiff, however, largely ignored the Court's directions in the May 9, 2018 Memorandum Order. Specifically, the May 9, 2018 Memorandum Order informed Plaintiff that his "current conclusory allegations . . . fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))." (ECF No. 27, at 2.) The Court further directed Plaintiff that:

> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

(*Id.*) The Court warned Plaintiff that the failure to comply with the above directives would result in the dismissal of the action. (*Id.*)

Nevertheless, Plaintiff did not list the defendants in the first paragraph of the Second Particularized Complaint. Instead, the defendants are scattered slip shod throughout the 99- page Second Particularized Complaint. Plaintiff also ignored the Court's admonition that the Second Particularized Complaint must contain facts, rather his conclusory allegations. Although the Second Particularized Complaint is almost 100 pages long, it contains virtually no facts. Rather, the Second Particularized Complaint consists almost entirely of legal conclusions and allegations.

The Court also warned Plaintiff that the Second Particularized Complaint must comply with the rules regarding joinder. Plaintiff made no effort to comply with those rules. Instead, Plaintiff submitted the sort of "mishmash of a complaint" that the rules governing joinder of parties aim to prevent. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Given the foregoing deficiencies, Plaintiff's Motion to Reconsider (ECF No. 30) will be denied. Nevertheless, because the action was dismissed without prejudice, Plaintiff may pursue any of the claims he wished to raise in this action by filing a proper new complaint that will be opened as a new action. Plaintiff's outstanding motions (ECF Nos. 34, 37, 38) will be denied.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: Sept. 24 2018   SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia